UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22801-RAR

**STATE OF FLORIDA**,

    Plaintiff,

v.

**LEVAR JOHNSON**,

    Defendant.
_____/

## ORDER REMANDING CASE TO STATE COURT

**THIS CAUSE** comes before the Court on Defendant Levar Johnson's "Notice of Removal Under 28 U.S.C. § 1443(1) (Based on Civil Rights Denial, Systemic Obstruction, and Judicial Retaliation)" ("Notice"). [ECF No. 1]. Defendant is seeking to remove a state criminal action pending against him from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, into this Court pursuant to 28 U.S.C. § 1443(1). *See id.* at 1. This is not the first time Defendant has attempted to challenge his state court prosecutions in federal court. On January 8, 2025, U.S. District Judge Paul C. Huck found that the Court "lack[ed] jurisdiction over the complaint," which sought to Vacate Void Judgments Pursuant to Federal Rule of Civil Procedure 60(d)(3). *See Johnson v. Orshan*, No. 24-24938 (S.D. Fla. Jan. 8, 2025), ECF No. 7 at 2. Although Defendant relies on a new argument he did not previously raise before Judge Huck, the Court still lacks jurisdiction. As explained herein, Defendant's request for removal is **DENIED**, and this case is **REMANDED**.

Removal of a case from state court to federal court is a very limited remedy that only applies in specific, statutorily defined, circumstances. *See Syngenta Crop Prot., Inc. v. Henson*,

537 U.S. 28, 32 (2002) ("The right of removal is entirely a creature of statute and 'a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress.'  These statutory procedures for removal are to be *strictly construed*." (emphasis added) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918))).  The removing party bears the burden of showing that the federal court has jurisdiction over the removed case and all "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  A state criminal prosecution can only be removed to federal court in three specific circumstances: (1) the removal meets the general requirements of 28 U.S.C. § 1455; (2) the prosecution "is against or directed to officers of the United States [or] members of the armed forces" under §§ 1442 and 1442a; or (3) the defendant has been denied or cannot enforce "a right under any law providing for the equal rights of citizens of the United States" during his state prosecution under § 1443. *Florida v. Anderson*, No. 3:23-CV-188, 2023 WL 2206506, at *1 (M.D. Fla. Feb. 24, 2023).  Since Defendant does not allege that he is either an "officer of the United States" or a member of the armed forces, or that removal is proper under § 1455, the Court will only analyze removal under § 1443.

The Court finds that removal is not appropriate under § 1443.  "The civil rights removal statute in § 1443 provides for the removal of state court actions under narrow circumstances where equal civil rights are denied and not recognized." *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017).  The Supreme Court, in *Georgia v. Rachel*, articulated a two-part test to determine if removal under § 1443 is proper: (1) "the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific rights stated in terms of racial equality'" and (2) "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia*

*v. Rachel*, 384 U.S. 780, 792, 794 (1966)).  Only a "specific civil right stated in terms of racial equality" will suffice.  *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice.").

Here, Johnson brings his claim "pursuant to Article VI, Clause 2 of the United States Constitution (the Supremacy Clause); Article III, Section 2; and 28 U.S.C. § 1443(1)," and asserts "violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986; systemic racial discrimination under color of law in violation of the Fourteenth Amendment; and retaliatory state prosecution designed to obstruct access to federal remedies and suppress lawful process."  Notice, [ECF No. 1] at 1.  Specifically, Johnson alleges he was arrested in retaliation for filing suit without a warrant or probable cause, but also that the state court lacks jurisdiction to prosecute him, though he provides no explanation for why the state lacks jurisdiction.  *Id.* at 5–7.  He also seems to take particular issue with how the state court and "opposing counsel" categorized documents he filed on his own while he was represented by counsel, and the fact that a physical copy of the file was not available at some point.  *Id.*  Johnson avers that the repeated dismissal of a litany of lawsuits (usually against the judges who previously dismissed his claims) shows bias, instead of proper application of the judicial immunity doctrine.  *Id.* at 10–12.  He also believes that many of the orders dismissing his claims were "fraudulent" and that several attorneys who filed motions in opposition were "unauthorized," though he again does not explain how.  *Id.* at 13, 20.  Lastly, Johnson believes that the state court judge's verbal recusal was violative, though he does not explain what it violated.  *Id.* at 35.  In his view, all of this shows a coordinated effort to retaliate against him, as well as "systemic racial and institutional bias" in the state and federal courts.  *Id.* at 10.

Regarding the first prong of *Rachel*, Johnson must identify a federal law "providing for specific civil rights stated in terms of racial equality," *Rachel*, 384 U.S. at 792, not arguments about "generally applicable rights available to all persons or citizens." *State v. Weber*, 665 F. App'x 848, 850 (11th Cir. 2016). Johnson names various legal hooks, including 42 U.S.C. §§ 1981, 1983, 1985, and 1986 and the Fourteenth Amendment.

"[T]o the extent [he] relies upon broad assertions under the Equal Protection Clause or § 1983, those rights are insufficient to support a valid claim for removal under § 1443(1)," because "a defendant's 'right to a fair trial and equal protection of the laws and [his] rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific civil rights in terms of racial equality." *Conley*, 245 F.3d at 1295–96 (quoting *Sunflower County Colored Baptist Ass'n v. Trustees of Indianola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796 (5th Cir. 1966)); *see also Weber*, 665 F. App'x at 850 (explaining that "[t]he first prong of the [*Rachel*] test does not include generally applicable rights available to all persons or citizens, such as the Equal Protection Clause or 42 U.S.C. § 1983."); *Florida v. Martin*, No. 4:23-CV-315-AW-MJF, 2023 WL 5533140, at *2 (N.D. Fla. July 21, 2023) ("Martin's rights under the Fourth and Fourteenth Amendments implicate broad constitutional guarantees of general application to all persons or citizens, rather than 'rights implicating racial equality'"); *Florida v. Cave*, No. 19-61830, 2019 WL 3302571, at *1 (S.D. Fla. July 23, 2019) ("Defendant's Notice of Removal relies, in part, on the Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment, the Supremacy Clause of the U.S. Constitution, and 18 U.S.C. § 241. None of these provide for specific civil rights stated in terms of racial equality"); *State v. Cottrell*, No. 5:24-CV-150-TKW-MJF, 2024 WL 3809366, at *2 (N.D. Fla. July 17, 2024) ("Cottrell's rights under the First, Sixth, and Fourteenth Amendments—to a speedy trial, effective assistance of counsel, and due process—implicate broad

constitutional guarantees of general application to all persons or citizens, rather than 'rights implicating racial equality.'").

But to the extent that Johnson relies on § 1981 and § 1985, "either of those may qualify under the removal statute," if Johnson can satisfy prong two. *United States v. Cook*, No. 3:24-CR-28-TJC-MCR, 2024 WL 1270491, at *1 (M.D. Fla. Mar. 26, 2024). Regarding § 1986, the Court can find no invocation of this statute related to removal under § 1443, and Johnson's invocation is so barren as to provide no direction regarding what his actual claim under this statute might be. But given that § 1986 cross-references § 1985, the Court will assume—without deciding—that § 1986 satisfies *Rachel*'s first prong because § 1985 does. § 1986 ("Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed . . . .").

However, Johnson's invocation of these provisions still does not make this removal proper because he cannot satisfy the second prong; he has not shown "that he has been denied or cannot enforce that right in the state courts." *Conley*, 245 F.3d at 1295. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Id.* at 1296 (quoting *Rachel*, 384 U.S. at 803). Johnson has identified no state law that prevents him from enforcing his equal rights, and allegations of bias and race-based retaliation are insufficient. *See United States v. Belc*, No. 22-12558, 2023 WL 6232474, at *2 (11th Cir. Sept. 26, 2023) ("Belc's allegations of racial and national origin discrimination and violations of his constitutional rights are not based on a federal law 'providing for specific civil rights stated in terms of racial equality'"); *Cook*, 2024 WL 1270491, at *1 ("Mere allegations of 'bias' or 'charges that the defendant is unable to obtain a fair trial in a particular state court' are insufficient to support removal under § 1443(1)." (quoting *Conley*, 245 F.3d at 1298–99 (quoting *City of Greenwood v.*

*Peacock*, 384 U.S. 808, 827 (1966)))).  Because Johnson has not satisfied the second prong of *Rachel*, removal under § 1443 is improper.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case shall be **REMANDED** back to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.  All pending motions are **DENIED as moot**.  The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of August, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Levar Johnson
      18117 Biscayne Boulevard, #1045
      Miami, FL 33160
      PRO SE